Matthew Borden (SBN: 214323)
borden@braunhagey.com
Amit Rana, Esq. (SBN: 291912)
rana@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR DEFENDANT
HUMM KOMBUCHA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUMM KOMBUCHA LLC, an Oregon limited liability company;<br><br>Defendants. | Case No. 2:17-cv-09092-JAK-AFM<br><br>**DECLARATION OF MATTHEW BORDEN IN SUPPORT OF DEFENDANT HUMM KOMBUCHA LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: February 11, 2018<br>Time: 8:30 A.M.<br>Judge: Honorable John A. Kronstadt |

Case No. 2:17-cv-09092-JAK-AFM
BORDEN DECLARATION

I, Matthew Borden, declare:

1. I am licensed to practice law before this Court and am counsel of record for Defendant Humm Kombucha LLC ("Humm"). I make this declaration based on personal knowledge and if called upon to testify, I could and would testify competently thereto.

2. I am a founding partner at BraunHagey & Borden, LLP ("BHB"). BHB represents Humm in both business and litigation matters.

3. On September 28, 2018, Humm served a Rule 68 offer on Plaintiff. Attached as **Exhibit 1 and 2** is a true and correct copy of the Rule 68 offer and the accompanying cover letter served on Plaintiff. Plaintiff did not respond to the Rule 68 offer.

4. On September 4, 2018, I participated in an initial telephone call with the mediator selected in this matter, Mr. Edward Lodgen. Counsel for Plaintiff was also present on the call. During the September 4, 2018 call, Mr. Lodgen did not indicate any additional requirements for the mediation beyond those in the Local Rules and General Order 11-10.

5. I flew to Los Angeles and personally appeared and participated in the October 22, 2018 mediation before Mr. Edward Lodgen held at the Central District of California Courthouse in Los Angeles, California.

6. Prior to attending the mediation, I conferred extensively with Humm. As a result of my pre-mediation preparations with Humm and my role as lead trial counsel for Humm, I was fully knowledgeable about the facts of the case.

7. Prior to the mediation, Humm granted me full and final settlement authority for the mediation, which meant I was not required to make a phone call or seek approval from any other individual or group of individuals to settle the matter during the mediation.

8. Ms. Jamie Danek, Humm's CEO was also available by telephone during the mediation session. During the mediation, Ms. Danek and I spoke extensively to the mediator and tried, in good faith, to resolve the case.

9. The matter did not settle at the October 22, 2018 mediation. I believe the reason the matter did not settle is because Plaintiff was unwilling to negotiate in good faith and did not make any settlement demand at the mediation.

10. I am familiar with, and responsible for, my firm's billing practices and its billing in this matter. Pursuant to the standard practice of my firm, all the time spent by our attorneys was recorded on an hourly basis in 6-minute intervals. In accordance with our firm's standard practice, I wrote off any time that I believed was not efficiently spent, including time I believe was spent unnecessarily or duplicatively. I also wrote off time spent by lawyers on tasks that might be considered administrative.

11. As detailed below, Humm has spent over $4,000 to respond to Plaintiff's baseless motion for sanctions. To eliminate any possibility of duplication or inefficiency, I wrote down our time to $3,500, which amounts to a discount of more than 10%.

12. I am a founding partner at BHB. I graduated from the University of California, Hastings School of Law in 2000. After law school, I clerked for the Honorable William Alsup in the United States District Court for the Northern District of California, and then practiced at Morrison & Foerster LLP. I have tried cases in state and federal court and argued appeals in California state court and in the Ninth Circuit and D.C Circuit Court of Appeals. I have successfully represented Fortune 500 companies, private equity funds, financial institutions, and foreign governments in billion dollar lawsuits and other high-stakes litigation (some of my former clients include Bank of America, Kyocera Corp., Wells Fargo Bank, and the Government of Egypt). My standard billing rate is $775/hour, which is the rate used on client pitches, the standard rate billed to clients and the rate clients actually pay

for services. I billed 1.8 efficient hours responding to Plaintiff's motion for sanctions, which consisted primarily of revising Humm's opposition brief and accompanying declarations.

13. Amit Rana is an associate at BHB. Mr. Rana graduated from the University of California, Davis School of Law in 2013, where he was the editor of the UC Davis Law Review. His standard billing rate is $515/hour, which is the rate used on client pitches, the standard rate billed to clients and the rate clients actually pay for his services. Mr. Rana billed 4.1 efficient hours responding to Plaintiff's motion for sanctions, which consisted of legal research and drafting Humm's opposition brief and accompanying declarations.

14. J. Noah Hagey is the managing Partner at BHB. Mr. Hagey attended the University of Texas Law School as a President's Scholar and graduated in 2001. Before founding BHB, Mr. Hagey previously practiced at Quinn Emmanuel Urquhart & Sullivan (New York and San Francisco) and Dentons (London and New York). Mr. Hagey also externed for the Honorable Chief Justice Thomas Phillips of the Texas Supreme Court. Mr. Hagey has tried cases in state and federal court and argued appeals in state and federal appellate courts. Mr. Hagey has successfully prosecuted and defended over a hundred bet-the-company cases for Fortune 500 companies, private businesses, foreign sovereigns and other clients. Mr. Hagey's standard billing rate is $795/hour. This is the rate that he uses on client pitches, the standard rate our firm bills clients and the rate clients actually pay for his services. Mr. Hagey billed 1.1 efficient hours on this matter, which consisted of reviewing and revising Humm's opposition brief. Normally, more than one partner would not bill for similar tasks such as revising an opposition brief. However, because this was a motion for sanctions, I felt it was important to confer with my partner and have him review the opposition brief.

1    I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3
4  Dated: January 7, 2019                              _____
                                                        Matthew Borden