1 | Stephen D. Weisskopf, Esq. (State Bar No. 213596)
  | sweisskopf@levatolaw.com
2 | Christopher E. Stiner, Esq. (State Bar No. 276033)
  | cstiner@levatolaw.com
3 | LEVATOLAW, LLP
  | 2029 Century Park East, Suite 2910
4 | Los Angeles, California 90067
  | Telephone: (310) 734-2026
5 | Facsimile: (310) 421-4180

6 | Attorneys for Plaintiff
7 | TORTILLA FACTORY, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TORTILLA FACTORY, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HUMM KOMBUCHA LLC, and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 2:17-CV-9092-JAK-AFM<br>[Assigned to Hon. John A. Kronstadt]<br><br>**PLAINTIFF TORTILLA FACTORY'S REPLY IN FURTHER SUPPORT OF IT'S MOTION FOR SANCTIONS FOR HUMM KOMBUCHA LLC'S FAILURE TO APPEAR AT MEDIATION**<br><br>Judge: Hon. John A. Kronstadt<br>Hearing Date: February 11, 2019<br>Hearing Time: 8:30 a.m.<br><br>Complaint Filed: December 19, 2017<br>Trial Date: Not Set |

Plaintiff Tortilla Factory, LLC ("Tortilla Factory") presents this reply in further support of its Motion for Sanctions for Humm Kombucha LLC's Failure to Appear at Mediation ("Motion for Sanctions"), and in response to Defendant Humm Kombucha LLC's ("Humm") opposition. Humm's opposition essentially argues they were entitled to violate General Order 11-10 based on their counsel's nonsensical interpretation which would create an exception so significant it would swallow the rule requiring a party to appear in person at mediation. At the same time Humm's counsel purports to be an experienced litigator with a wealth of experience. Accordingly, Humm's counsel's alleged ignorance that his client must appear in person at mediation cannot be believed. Furthermore, as explained below, Tortilla Factory complied with all necessary procedures and provided sufficient evidence of the conduct violating of General Order 11-10, which Humm does not challenge. Finally, Humm's request for Rule 11 sanctions are baseless and represent only the latest episode of improper gamesmanship by Humm's counsel.

*First*, General Order 11-10, sec. 8.5 requires personal appearance at the mediation of a party or its representative. Section 8.5 goes on to allow "At the discretion of mediator, and only with the mediator's express authorization, parties residing outside the Central District may have a representative with final settlement authority available by telephone during the entire proceeding, in lieu of personal appearance." General Order 11-10, sec. 8.6 separately requires attendance at the mediation of counsel.

Permitting a party to designate its own counsel who is already compelled to attend the mediation as its representative is an exception that would swallow the rule, and no reasonable attorney could interpret General Order 11-10 as such. Certainly counsel for Tortilla Factory, the mediator, and the ADR administrator had never encountered this interpretation of the of General Order 11-10. Furthermore, counsel for Humm never presented this interpretation to anyone, not the mediator,

Case 2:17-cv-09092-JAK-AFM   Document 56   Filed 01/18/19   Page 3 of 5   Page ID #:554

the ADR committee, or opposing counsel. If counsel for Humm was genuinely confused he should have raised it with someone. Therefore Humm's counsel's representation that they are both experienced litigators and interpret the Court's General Order 11-10 should not be taken seriously.

   ***Second***, the Tortilla Factory filed its Motion for Sanctions pursuant to the procedure outlined in General Order 11-10 for breach of that order, **not** for violation of a local rule.

   A district court has inherent power to enforce compliance with its orders through civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401(3). In determining whether civil contempt is warranted, the focus of the inquiry is whether "defendants have performed all reasonable steps within their power to insure compliance with the court's orders." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (internal quotations omitted). Thus, "[o]ne need not commit an unlawful act in order to be liable for" contempt—one need only disobey a court order. *NLRB v. Laborer's Int'l Union of N. Am.*, 882 F.2d 949, 954 (5th Cir. 1989).

   The party moving for contempt bears the burden of establishing by clear and convincing evidence that the contemnors violated a specific and definite order of the Court. *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). The contemnors' good faith or intent in attempting to comply with the order is immaterial. *See Stone*, 968 F.2d at 856-57.

   In the present instance there is no dispute that a representative of Humm failed to appear as required by General Order 11-10, sec. 8.5. Rather, Humm's only defense is that it as excused from appearing through Mr. Borden's idiosyncratic interpretation of General Order 11-10. This is not based on Mr. Borden and his co-

2

REPLY ISO MOTION FOR SANCTIONS

counsel's inexperience in customs and practices in the Central District of California or General Order 11-10. Rather it was based on his and his colleagues purported wealth of experience. Mr. Borden's failure to notify counsel for Tortilla Factory that no representative of Humm would be present at the mediation is unexplained. As explained above good faith or intent is immaterial. However given these circumstances the Court should not presume that Humm was operating in good faith. In any event, Humm's conduct also satisfies the willfulness standard articulated by Humm since they were aware of General Order 11-10 and had no intent of complying.

*Finally*, Humm's request for Rule 11 sanctions are baseless. Tortilla Factory's Motion for Sanctions identified for the Court the order that was violated, General Order 11-10, provided the Court evidence of the violation, and complied with all the procedures laid out in General Order 11-10. Nothing more was required. Furthermore, if Humm had some legal basis for failing to comply with General Order 11-10 it could have provided it in response to Tortilla Factory's letter to the ADR Committee Chair before she instructed Tortilla Factory to file its motion with the Court.

Humm's violation of General Order 11-10 represents just the latest example of its improper conduct and gamesmanship in this action. For instance Humm previously requested sanctions against both Tortilla Factory and its counsel for filing this litigation assuming it would success on a motion to dismiss. [*See* Docket No. 38, Reply In Support of Defendants Motion to Dismiss at 6:9-10; *see also* Docket No. 39, Joint 26(f) Report at 6:16-17.] Humm further accused Tortilla Factory and Counsel of manipulating its test results. [Docket No. 39, Joint 26(f) Report at 2:22-25.] Not only was Humm's motion to dismiss denied, Humm now alleges it reformulated its product to address its product's illegal alcohol content after accusing Tortilla Factory and its counsel of fraud.

Humm must be admonished for this pattern of wrongful conduct and prevented from further breach of Court orders.  Accordingly Tortilla Factory respectfully requests that the Court award the requested sanctions and provide whatever other relief the Court deems appropriate.

DATED: January 18, 2019          LEVATOLAW, LLP


By: /s/ Stephen D. Weisskopf
Stephen D. Weisskopf
Attorneys for Plaintiff TORTILLA FACTORY, LLC